■ In the Matter of AMERICAN PREMIER UNDERWRITERS, INC., Respondent, v HERBERT B. ABELOW et al., Appellants, et al., Respondent. [864 NYS2d 19]—

Order and judgment (one paper), Supreme Court, New York County (Helen E. Freedman, J.), entered July 31, 2007, insofar as appealed from as limited by the briefs, granting the petition and declaring the share price offered to the dissenting shareholders fair and that respondent Stanley Lane is not entitled to compensation for his shares, unanimously modified, on the law and the facts, to the extent of declaring Lane entitled to compensation, and otherwise affirmed, without costs.

In this post-merger proceeding to fix the fair value of the shares of the acquired company pursuant to Business Corporation Law § 623, the court properly exercised its discretion in finding the price fair based on its acceptance of petitioner's and rejection of respondents' expert opinions (see Matter of Cawley v SCM Corp., 72 NY2d 465, 470 [1988]). The court correctly found that certain assets were properly not considered in valuing the acquired entity, that the discount rate applied by petitioner's expert was fair and that respondents' expert's methodology was flawed in several respects. Neither the 1994 grant to the Metropolitan Transportation Authority of an option to purchase Grand Central Terminal and other property it subleased nor a 2006 agreement to sell certain assets to take effect immediately after the merger breached the 1873 ground lease between petitioner and the acquired entity whose shares were the subject of the valuation proceeding. Moreover, even if arguendo these were breaches, they did not warrant termination of the lease so as to trigger petitioner's obligation to pay the acquired entity the proceeds for assets sold over the years and to include such payment in the valuation.

However, we find that respondent Lane should have been accorded rights as a dissenting minority shareholder. The record does not show that petitioner requested proof of beneficial ownership of his shares despite ample opportunity to do so, and the only ground asserted in its letter to this respondent and in the petition was that he was not an owner of record.

We have considered respondents' other contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Moskowitz, JJ. [See 2007 NY Slip Op 32330(U).]